

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBEN RAY ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0204 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS CASE

On November 14, 2008, petitioner tendered to this Court a motion entitled "Motion for Leave of the Court for Extension of Time to File Petitioner's 2254 Petition." By his motion, petitioner requested this Court extend the AEDPA statute of limitations so that he could timely file a federal habeas corpus application challenging his October 30, 2007 convictions and sentences out of the 47th Judicial District Court of Potter County, Texas. On November 24, 2008, this Court denied petitioner's motion explaining the statute of limitations for filing a habeas application challenging petitioner's convictions and sentences had not expired and would not expire until November 29, 2008, at the earliest and, therefore, an extension of time was not necessary. Petitioner was ordered to immediately submit any federal habeas corpus petition he wished to submit to the Court for filing on the form Petition for a Writ of Habeas Corpus by a Person in State Custody available at his unit.

As of this date, petitioner has not filed a federal habeas corpus petition with this Court.

Consequently, there is no live pleading in this proceeding needing resolution by the Court. Further, absent any applicable tolling, the statute of limitations to challenge petitioner's October 30, 2007 convictions and sentences pursuant to 28 U.S.C. § 2254 has now expired. Moreover, petitioner has not communicated with the Court, in any manner, with regard to this case since its initiation on November 14, 2008. It is the opinion of the undersigned that petitioner has neglected his case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case initiated by petitioner RUBEN RAY ROMERO be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).