U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 3 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBEN RAY ROMERO, | § | |
| Petitioner, | § | |
| v. | § | 2:08-CV-0204 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, and DISMISSING APPLICATION FOR HABEAS CORPUS RELIEF

On November 14, 2008, petitioner filed with this Court a motion requesting this Court extend the statute of limitations so he could timely file a federal habeas corpus application challenging his October 30, 2007 convictions and sentences out of the 47th Judicial District Court of Potter County, Texas. Although aware of the limitations period, petitioner did not submit with his motion even a skeletal petition. On November 24, 2008, the Magistrate Judge denied the motion to extend. Petitioner was ordered to submit any federal habeas application he wished to submit on the form petition available at his unit.

As of February 28, 2009, petitioner had not filed a federal habeas petition with this Court. As there was no live pleading in this proceeding, the United States Magistrate Judge issued a Report and Recommendation recommending petitioner's application be dismissed for want of prosecution. The Magistrate Judge further noted the statute of limitations to file a federal habeas petition had expired, absent applicable tolling, as of November 29, 2008.

On March 11, 2009, petitioner filed objections to the Magistrate Judge's Report and Recommendation. By his objections, petitioner states he has not filed a federal habeas petition because, *inter alia*, he has not exhausted his state court remedies. Although the statute of limitations for filing a federal habeas application has now expired, petitioner again requests this Court extend the AEDPA deadline for filing a federal habeas petition.

The undersigned United States District Judge has made an independent examination of the record in this case. The objections filed by petitioner are without merit and are hereby OVERRULED. There is no live pleading in this case requiring resolution by the Court. Further, although the one-year period statute of limitations is subject to tolling,[1] petitioner has not yet submitted his habeas petition to the Court for filing, but has instead requested an open ended time period be established for the eventual filing of his petition. Petitioner has not shown he is entitled to such relief. The Magistrate Judge's Report and Recommendation is hereby ADOPTED, and the application filed by petitioner is hereby DISMISSED.

IT IS SO ORDERED.

ENTERED this 23rd day of March, 2009.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

---

[1] The one-year period of limitations in 28 U.S.C. § 2244(d)(1) is to be construed as a statute of limitations, and not a jurisdictional bar. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A court may toll the limitations period in rare and exceptional circumstances. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002).